UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:07-cv-00779-LJO-SMS |
| Plaintiff, | FINDINGS AND RECOMMENDATION RE: PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DOC. 17) |
| v. | |
| APPROXIMATELY $228,218.65 in United States Currency, etc., | |
| Defendant. | |

Plaintiff is proceeding with a civil action in this Court. The matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 72-302(c)(19). Pending before the Court is Plaintiff's motion for default judgment filed on December 11, 2007.

By separate order, the Court vacated the hearing on the motion, and the matter has been submitted to the Court for decision.

II. <u>Default Judgment</u>

A court has the discretion to enter a default judgment against one who is not an infant, incompetent, or member of the armed services where the claim is for an amount that is not certain on the face of the claim and where (1) the defendant has

1

been served with the claim; (2) the defendant's default has been entered for failure to appear; (3) if the defendant has appeared in the action, the defendant has been served with written notice of the application for judgment at least three days before the hearing on the application; and, (4) the court has undertaken any necessary and proper investigation or hearing in order to enter judgment or carry it into effect. Fed. R. Civ. P. 55(b); <u>Alan Neuman Productions, Inc. v. Albright</u>, 862 F.2d 1388, 1392 (9th Cir. 1988). Factors that may be considered by courts in exercising discretion as to the entry of a default judgment and as to setting aside a default include the nature and extent of the delay, <u>Draper v. Coombs</u>, 792 F.2d 915, 924-925 (9th Cir. 1986); the possibility of prejudice to the plaintiff, <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir.1986); the merits of plaintiff's substantive claim, <u>id.</u>; the sufficiency of the allegations in the complaint to support judgment, <u>Alan Neuman Productions, Inc.</u>, 862 F.2d at 1392; the amount in controversy, <u>Eitel v. McCool</u>, 782 F.2d at 1471-1472; the possibility of a dispute concerning material facts, <u>id.</u>; whether the default was due to excusable neglect, <u>id.</u>; and, the strong policy underlying the Federal Rules of Civil Procedure that favors decisions on the merits, <u>id.</u>

With respect to default judgments in proceedings that are in rem actions for forfeiture, both the general Federal Rules of Civil Procedure and the Supplemental Rules for Certain Admiralty and Maritime Claims (Supp. R.) apply, but the latter rules prevail if there is an inconsistency. Supp. R. A(1). Supp. R. G(1) provides that the rule governs a forfeiture action in rem

arising from a federal statute; to the extent that Rule G does not address an issue, Supp. Rules C and E also apply.

II. Notice

Here, returns of service reveal that the Defendant currency was arrested on or about July 2, 2007. (Docs. 6, 7.)

The publication (a single instance of publishing the notice on July 11, 2007) ordered by the Court on May 31, 2007 (Doc. 5), was effected in compliance with Local Rules A-530 and 83-171, and proof thereof was filed by Plaintiff on July 24, 2007.[1] (Doc. 8). However, the publication did not comply with the requirement of Supp. Rule G(4)(a), which was in effect at the time of the publication and which requires notice by publication that generally must appear once a week for three consecutive weeks.

The Court requested supplemental submissions by the Plaintiff on this issue, and Plaintiff submitted an additional declaration of Elisa M. Maguire in which she stated that on or about February 1, 8, and 15, 2007, notice of the administrative forfeiture action was published in the Wall Street Journal by the seizing agency, the United States Postal Service; further, the Journal was shown by a "Google" search to have a daily circulation of more than 2,000,000 papers; the declarant had personal knowledge that the paper was sold in local convenience

---

[1] Local Rule A-530, as amended December 1, 2007, continues to refer to Supplemental Rule C; however, Supplemental Rule G took effect in December 2006. (See, www.uscourts.gov/rules/Letters-Orders.pdf, Transmittal Letters to Congress and Supreme Court Orders, Order of April 12, 2006.) It expressly governs a forfeiture action in rem arising from a federal statute. Supp. R. G(1). Supplemental Rules C and E also apply, but only to the extent that Rule G does not address an issue. Supp. R. G(1).

stores throughout Fresno and along California State Highway 99.[2]

Supplemental Rule G(4)(a)(iii)(B) provides that if the property was the subject of an administrative forfeiture, and notice of forfeiture was published three times by the administrative seizing agency, only one publication is necessary. Based on the supplemental briefing, Plaintiff has established that an exception to Rule G(4)'s requirement of several publications applies to the instant case.

With respect to any person reasonably believed to be or appearing to be a potential claimant, Rule G(4)(b) requires the sending of notice. The allegations of the complaint reveal that Martin Espana-Villasenor (Villasenor) and his wife, Maria Espana, had deposited the currency in an account in connection with the purchase of a laundromat franchise business, (Cmplt. ¶¶ 9-11, 15); thus, they are potential claimants.

With respect to potential claimant Maria Espana, a stipulation for final judgment of forfeiture was entered into between Espana and the government and was filed on December 11, 2007, in which Espana acknowledged personal receipt of actual notice of the arrest and suit as well as the presence of reasonable cause for the seizure and arrest of the funds, acknowledged being sole owner and claimant to the funds, and agreed to a final judgment of forfeiture with respect to the

---

[2] Plaintiff admits that the information concerning the exception to the governing Supplemental Rule should have been set forth in the original motion. Local Rule 78-230(a) states that the moving party shall file copies of all documentary evidence that the party intends to submit in support of a motion. The Court notes that Plaintiff's failure to comply with the local rule is the cause of the delay in the processing of Plaintiff's motion for default judgment.

4

1 currency and any interest accruing thereon. (Doc. 18.)

2 With respect to potential claimant Villasenor, the complaint
3 and associated documents were served on Villasenor by personal
4 service on August 14, 2007. (Doc. 10.)

5 Although Local Rule A-540(d) requires at least seven court
6 days of notice of the proceeding for default judgment be given to
7 any person who has appeared, it does not appear that Villasenor
8 has appeared. Consequently, the ex parte nature of the proceeding
9 is appropriate.

10 Accordingly, the Court concludes that publication in
11 accordance with the rules and adequate notice has been given.

12 III. Default

13 The clerk entered the default of Villasenor on November 19,
14 2007, after Villasenor failed to file a claim, answer, or other
15 appearance in the action. (Doc. 14.) The time for filing a claim,
16 answer, or other appearance had passed. Supp. R. G(5). It appears
17 that default was appropriately entered against Villasenor.

18 IV. Legal Sufficiency of the Complaint

19 A default judgment generally bars the defaulting party from
20 disputing the facts alleged in the complaint, but the defaulting
21 party may argue that the facts as alleged do not state a claim.
22 Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392.
23 Thus, well pleaded factual allegations, except as to damages, are
24 taken as true; however, necessary facts not contained in the
25 pleadings, and claims which are legally insufficient, are not
26 established by default. Cripps v. Life Ins. Co. of North America,
27 980 F.2d 1261, 1267 (9th Cir. 1992); TeleVideo Systems, Inc. v.
28 Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).

5

Here, as required by Supp. R. G(2), the complaint was verified and stated the grounds for subject matter jurisdiction and in rem jurisdiction as well as venue; described the property with reasonable particularity; described the location of the property (an account); and identified the statute under which the forfeiture was brought, as well as stated sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial. The complaint also detailed a complex scheme whereby unemployment insurance was obtained by fraudulent means, including use of the mails and identity theft. (Cmplt. pp. 2-6.) The complaint further described in detail the earnings and financial status of the potential claimants at the pertinent time.

The complaint stated that the currency constituted proceeds involved in a conspiracy to commit, or are traceable to a violation of, 18 U.S.C. §§ 1341 (mail fraud), §1028(a)(7) (identity theft), and 31 U.S.C. § 5324(a) (money laundering). (Cmplt. p. 1.) Title 18 U.S.C. § 981(a)(1)(C) provides that property that constitutes proceeds of, or is traceable to proceeds obtained directly or indirectly from a violation of § 1028, is subject to forfeiture to the United States. Further, 31 U.S.C. § 5317(c) provides for forfeiture of any property involved in, or traceable to, a violation of § 5324 or any conspiracy to commit any such violation.

Thus, the complaint adequately states a claim for forfeiture of the currency.

V. <u>Discretionary Considerations concerning Default Judgment</u>

In the application for entry of default against potential

6

claimant Villasenor, the paralegal stated under penalty of perjury that to the best of her knowledge or belief, Villasenor was not in the military service of the United States within the meaning of the Soldier's and Sailor's Civil Relief Act. It thus appears that Villasenor's status does not preclude entry of a default judgment.

Here, it does not appear that anyone other than the claimant who has previously entered into a stipulation for final judgment of forfeiture could claim an interest in the property. It does not appear that anyone, including Villasenor, has responded to the complaint. It does not appear that there is any risk of mistake or excusable neglect on the part of anyone with a potential interest in the property or of a dispute as to a material fact essential to the government's case. No just cause for delay appears; the only other potential claimant has entered into an agreement with the government pursuant to which this proceeding for default judgment is contemplated. It is apparent from the declarations submitted to the Court that none of the potential claimants is an infant, incompetent, or member of the armed services. There does not appear to be any reason why the general policy in favor of a decision on the merits would warrant refusing to enter the requested default judgment.

Accordingly, the Court finds that pursuant to Local Rule A-540(d), Plaintiff has shown its entitlement to a default judgment of forfeiture.

VI. <u>Form of Judgment</u>

With respect to the form of the judgment, Plaintiff has established that it is entitled to a judgment against the

property, <u>Waterloo Distilling Corp. v. U.S.</u>, 282 U.S. 577, 581 (1931), affecting the interests of all persons in the property, <u>Hanson v. Denkla</u>, 357 U.S. 235, 246 n.12 (1958).

VII. <u>Recommendation</u>

Accordingly, it IS RECOMMENDED that

1. Plaintiff's motion for default judgment BE GRANTED; and

2. Plaintiff IS ENTITLED to, and the Clerk SHOULD ENTER, a judgment that

    a) The interest/s of Martin Espana-Villasenor in the Defendant property are condemned and forfeited to the United States of America; and

    b) The right, title, and interest of potential claimant Martin Espana-Vilasenor in the Defendant property are forfeited to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C) and 31 U.S.C. § 5317(c)(2), and are vested in the United States; and

    c) All persons claiming any right, title, or interest in or to the Defendant property have defaulted and no longer have any right, title, or interest in the Defendant property whatsoever; and

3. The Clerk ENTER final judgment of forfeiture for Plaintiff United States that vests in the United States of America all right, title, and interest in the Defendant real property.

This report and recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court,

Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 11, 2008**          **/s/ Sandra M. Snyder**
                                       UNITED STATES MAGISTRATE JUDGE